UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

George Quintero

    v.                                              Civil No. 12-cv-358-SM

Edward Reilly, Warden, Northern
New Hampshire Correctional Facility

**O R D E R**

George Quintero, proceeding pro se, has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."  Id.  In undertaking this review, the court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal

habeas action.  See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).

The court undertakes this preliminary review of the petition with due consideration for the petitioner's pro se status.  "[A]s a general rule, . . . we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects."  Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

## Background

George Quintero was convicted of two felony sexual assault offenses in the Rockingham County Superior Court.  On October 21, 2009, Quintero was sentenced to two consecutive 10- to 30-year prison sentences.  On October 12, 2011, the New Hampshire Supreme Court ("NHSC") affirmed his conviction.[1]  See State v. Quintero, 162 N.H. 526, 529, 34 A.3d 612, 613 (2011).

---

[1] In the interim between Quintero's sentencing and the affirmance of his conviction, Quintero litigated an issue concerning an alleged recantation by the victim in his case. Those proceedings ended on October 14, 2011, when the NHSC declined to accept Quintero's notice of appeal.

The indictments charging Quintero with sexual assault alleged that the crimes were committed between January 1, 2007, and April 30, 2007.  See id. 162 N.H. at 530, 34 A.3d at 614. At trial, Quintero introduced a photograph of the victim that the victim indicated had been taken the day after she was sexually assaulted.  Evidence showed that the photograph was taken on September 17, 2006, several months prior to the time frame alleged in the indictments.

Quintero requested that the trial judge give the jury a "Williams" instruction.  See State v. Williams, 137 N.H. 343, 629 A.2d 83 (1993) (requiring state to prove offense occurred within time period charged in indictment where defendant raises time-based defense), overruled by Quintero, 162 N.H. at 529, 34 A.2d at 613.  The state then sought to amend the indictments to reflect a broader time period that would include September 17, 2006.  The state argued that the photograph had not been disclosed in discovery thirty days prior to trial, as required by court rule, but instead was turned over only a day or two prior to trial.  Timely discovery, the state argued, would have enabled amendment of the indictment prior to trial and prior to Quintero's presentation of a time-based defense.

To resolve the issue, the trial judge presented Quintero with a choice: either the court would give the Williams

instruction, but allow the state to amend the indictments, or it would not give the Williams instruction and not allow the state to amend the indictments. The defendant chose the latter option, while objecting to having to forego one of two rights. No Williams instruction was given, and the defendant was convicted. The petitioner now brings this petition, asserting that his conviction violated his federal constitutional rights, insofar as the trial court forced him to choose between his right to a Williams instruction and his right to proceed on the amendments as returned by the grand jury.

## Discussion

To be eligible for relief in a § 2254 petition, Quintero must show that he has exhausted the remedies available to him in the state courts on his federal habeas claims, or that state corrective processes are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). Unexhausted claims cannot generally be cited as grounds for granting federal habeas relief. See id. § 2254(b). "[A] petitioner's failure to present his federal

constitutional claim to the state courts is ordinarily fatal to the prosecution of a federal habeas case." Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir.), cert. denied, 132 S. Ct. 426 (2011).

> A claim for habeas corpus relief has been exhausted where the claim has been fairly presented to the state courts. Fair presentation means that the petitioner must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.

Dutil, 550 F.3d at 158 (citations and quotation marks omitted). A petitioner's remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the federal claims. See id. at 157 (where "'state's highest court offers discretionary review, a petitioner must present that court with the opportunity to review the federal claim to have exhausted available state remedies'" (citation omitted)).

The petition filed in this action does not state what federal claims Quintero seeks to raise here, or that Quintero has exhausted any federal claims in the state courts. The NHSC's opinion affirming Quintero's conviction, which rests entirely on state law, includes a ruling that under the state constitution, Quintero did not suffer a due process violation, but does not demonstrate that the federal nature of that or any other claim was raised by Quintero on direct appeal.

In his petition here, Quintero has set forth neither what federal claims he seeks to pursue in this action, nor information demonstrating exhaustion of any such claims. Accordingly, Quintero will be granted leave to amend his petition to state what federal claims he intends to raise here, and to demonstrate that those claims have been exhausted in the state courts, or alternatively, to request a stay of this action to enable him to return to the state courts to exhaust his federal constitutional claims.

## Conclusion

The Court directs as follows:

1. Within thirty days of the date of this order, Quintero must file in this court a statement of what federal claims he seeks to raise in this action, and, either:

    A.  An amended § 2254 petition demonstrating that he has exhausted his state court remedies as to each specific federal claim asserted in this action, including as exhibits to the amended petition any motions, notices of appeal, briefs, state court decisions, or other documents derived from the NHSC record, which demonstrate that each claim has been presented to and exhausted in the state courts, including the NHSC; or

    B.   A motion to stay this action, for the purpose of returning to the state courts to exhaust his state court remedies on each federal claim asserted here.

2.   Should Quintero fail to amend his petition as directed, or otherwise fail to comply with this order, the court will recommend that the petition be dismissed, without prejudice, for failure to demonstrate exhaustion. See 28 U.S.C. § 2254(b).

    SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

January 31, 2013

cc: George Quintero, pro se

LBM:jba