```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

George Quintero

   v.                                Civil No. 12-cv-358-SM

Edward Reilly, Warden,
Northern New Hampshire
Correctional Facility

## REPORT AND RECOMMENDATION

George Quintero has filed this habeas corpus action (doc. no. 1) pursuant to 28 U.S.C. § 2254.  The matter is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules").[1]  Also before the court are petitioner's motions to stay (doc. no. 4) and to withdraw the § 2254 petition (doc. no. 6).

### Procedural History

After Quintero filed his petition for a writ of habeas corpus (doc. no. 1), the court directed Quintero to amend his petition to state what federal claims he intends to raise in this action.  The court further directed Quintero to either

---

[1] In its January 31, 2013 order (doc. no. 3), the court set forth the standard the court employs in conducting a preliminary review pursuant to § 2254 Rule 4; that standard is not repeated here.

demonstrate that he has exhausted those federal claims in the state courts, or, if the claims have not been exhausted, to move for a stay of this action to allow Quintero to return to the state courts to exhaust his federal claims without jeopardizing the timeliness of his federal habeas petition.

Quintero responded by filing a motion to stay (doc. no. 4). That motion stated neither what federal claims Quintero seeks to raise in this action nor facts supporting those federal claims, as required by § 2254 Rule 2(c)(1)-(2). Accordingly, the court again directed Quintero to amend his petition to state what federal claims he seeks to raise in this action (doc. no. 5). That order (doc. no. 5) further directed Quintero to amend his petition to demonstrate exhaustion of his identified claims, or to request a stay of this matter to enable Quintero to return to the state court to exhaust those claims. Quintero responded by filing a motion to withdraw his petition (doc. no. 6), asserting that he wished to withdraw the petition so that he could return to the state courts to exhaust his claims.

## Discussion

I.  <u>Habeas Claims</u>

Quintero has stated that the trial court compelled him to forego a jury instruction stating the prosecution had to prove the time period alleged in the indictment. Quintero asserts

that had he not agreed to forego the instruction, the judge would have allowed the indictment to be amended, to expand the time frame alleged therein to comport with the evidence presented at trial.  The New Hampshire Supreme Court ("NHSC") opinion affirming Quintero's conviction sets forth the factual bases upon which Quintero's state law arguments were grounded.  See State v. Quintero, 162 N.H. 526, 529-532, 34 A.3d 612, 614-616 (2011).

Based on Quintero's allegations, and the facts set forth in the NHSC opinion, see id., this court construes the petition to include the following federal claims for relief:

> Quintero's Sixth and Fourteenth Amendment rights to due process, to a fair trial, to notice of the charges against him, and to present a defense, were violated by the trial court's failure to require the state to prove that the charged offenses occurred during the time period stated in the indictment that was returned by the grand jury, where Quintero relied on a time-based defense at trial.

For purposes of preliminary review, without comment on the merits of the claims, the court finds that the petition sufficiently sets forth the above-stated federal habeas claims to allow those claims to proceed.

II.  Motion to Withdraw

Quintero has filed both a motion to withdraw his petition (doc. no. 6), and a motion to stay the petition (doc. no. 4). In the motion to withdraw, Quintero indicates that he intends to

3

file a new federal habeas action after the exhaustion of his claims in the state court, and that he intends to do so within the time limitations relevant to § 2254 petitions.

The court notes that Quintero's conviction was affirmed by the NHSC on October 12, 2011, and that because Quintero pursued post-conviction litigation in state court, the one-year statute of limitations for filing a § 2254 petition began to run, at the latest, on January 12, 2012.  This action was filed on September 19, 2012, within the one-year limitations period.  If Quintero were to withdraw this petition and later attempt to file a federal habeas action concerning the conviction challenged here, that petition would likely be deemed untimely and dismissed, as the time during which this petition has been pending would not be excepted from the limitations period, see Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (citing 28 U.S.C. § 2244(d)(2)).  Accordingly, to prevent Quintero from losing his ability to do what he intends to do, namely, litigate a federal habeas petition after he exhausts his state court remedies, the motion to withdraw the petition (doc. no. 6) should be denied.

III. Stay and Exhaustion

Quintero has also moved to stay (doc. no. 4) his federal habeas petition.  Quintero concedes that he has not yet

4

exhausted his federal claims in the state courts.[2]  The court should grant the motion to stay to allow Quintero time to return to the state courts to exhaust his claims.  After he has exhausted his state remedies, Quintero may move to lift the stay in the § 2254 petition and may file an amended petition in this court to demonstrate exhaustion.

## Conclusion

For the foregoing reasons, the court recommends that the district judge enter the following order in this matter:

1.  The motion to withdraw (doc. no. 6) is DENIED.

2.  The motion to stay (doc. no. 4) is GRANTED.

3.  Quintero must commence post-conviction litigation in the state superior court to exhaust his state court remedies on all of the federal claims in his § 2254 petition within thirty days of the date of this order.

4.  Quintero must apprise this court, in writing, every ninety days, of the status of his state court litigation, until the final disposition of his federal claims in the NHSC.

5.  Once the NHSC has rendered a final disposition in Quintero's appeal of his post-conviction state court litigation, Quintero must so notify this court within thirty days of the date of that decision, must file a motion to lift the stay in this court, and file an amended habeas petition that demonstrates that he has exhausted his state court remedies with respect to all of the federal claims contained therein.

---

[2]In the January 31, 2013, order (doc. no. 3), the court described the exhaustion requirement, and therefore does not repeat it here.

5

6.   To demonstrate exhaustion, Quintero must file, as exhibits to his amended petition in this court, any motions, notices of appeal, briefs, state court decisions, or other documents derived from the NHSC record, which demonstrate that his federal habeas claims have been presented to the NHSC.

7.   Should Quintero fail to notify this court as directed, fail to file an amended petition demonstrating exhaustion, or otherwise fail to comply with this order, the petition will be dismissed, without prejudice, for failure to comply with the exhaustion requirement as to each of the claims asserted in this action.  See 28 U.S.C. § 2254(b).

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                                         Landya McCafferty
                                                         United States Magistrate Judge

May 8, 2013

cc:   George Quintero, pro se

LBM:jba