**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


George Quintero

   v.                                Civil No. 12-cv-358-LM

Warden, Northern New Hampshire
Correctional Facility


**REPORT AND RECOMMENDATION**


Before the court is respondent's motion for summary judgment (doc. no. 19), seeking denial of George Quintero's petition for a writ of habeas corpus (doc. no. 1) and amended petition for a writ of habeas corpus (doc. no. 14) (collectively, "Petition"), filed pursuant to 28 U.S.C. § 2254. The motion is before this magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 72.1.


**Background**

**I.   Facts Related to the Underlying Convictions**

In the Rockingham County Superior Court ("RCSC"), a jury convicted Quintero of sexually assaulting his niece, H.G., during H.G.'s overnight visit to the home Quintero shared with his then-fiancée, Jean Orso, in Salem, New Hampshire.  See State v. Quintero, Nos. 08-S-2202, 08-S-2207 (N.H. Super. Ct., Rockingham Cty. Apr. 1, 2009).  At trial, H.G. testified that

during the overnight visit, Quintero had her go to the basement with him, while Orso was upstairs either reading or sleeping, where he sexually assaulted her, and then told her not to tell anyone.  Trial Tr., vol. 1, Mar. 31, 2009, 79-86, 92.

The following day, Orso took H.G. clothing shopping.  Id. at 120, 131-132.  Once back at Orso's house, Orso took a picture of Quintero and H.G., who was in her new clothing.  Id. at 121. Later, Quintero and Orso drove H.G. home.  Id. at 139-40.

On March 23, 2008, H.G. told her mother, Quintero's sister, Letty Quintero, that Quintero had sexually assaulted her during the sleepover at Quintero and Orso's house.  Id. at 39-40. Those allegations led to Quintero's arrest and prosecution on the offenses at issue in this case.

## II.  **State Court Procedural History**

### A.  Trial

A Rockingham County grand jury returned four indictments charging Quintero with one count of aggravated felonious sexual assault and three counts of felonious sexual assault.  See Quintero, No. 08-S-2201-03, 08-S-2207 (N.H. Super. Ct. Rockingham Cty.).  For reasons not apparent in the record presently before this court, the grand jury's indictments indicated that the sexual assault occurred "on or between

2

January 1, 2007, and April 30, 2007."  <u>Id.</u>

At trial, H.G. testified that she was unaware of the date of the assault, but believed that it occurred when she was eight (<u>i.e.</u>, on or after April 7, 2007).  Trial Tr., vol. 1, Mar. 31, 2009, 88.  Letty testified that she believed the overnight visit "probably" occurred in September.  <u>Id.</u> at 43.  Petitioner and Orso both testified that H.G.'s only overnight visit to Orso's home occurred in September 2006.  <u>Id.</u> at 119, 178.  At trial, the photograph Orso took of Quintero with H.G. during the overnight visit, was admitted in evidence.  <u>Id.</u> at 122.  H.G. acknowledged that the photo was taken during the visit at which she was assaulted.  <u>Id.</u> at 98.  The photograph had a date stamp that indicated it was taken on September 17, 2006.  <u>Id.</u> at 122.

Quintero testified that he did not sexually assault H.G. during her only overnight visit to Orso's home.  <u>Id.</u> at 190-191. Orso testified that H.G. and Quintero were never alone during that visit.  <u>Id.</u> at 143.

At the close of the evidence, Quintero's attorney asked the court to instruct the jury, pursuant to <u>State v. Williams</u>, 137 N.H. 343 (1993), that the prosecution had to prove the time period alleged in the indictment.  Trial Tr., vol. 2, Apr. 1, 2009, 220.  Quintero's attorney argued that Quintero did not

3

have the opportunity to commit a sexual assault on H.G. in 2007,
as the grand jury had charged, because H.G.'s only overnight
visit was in 2006, and that Quintero had relied on that lack of
opportunity in defending himself at trial.  Id. at 219-20.  The
State objected to the Williams instruction, arguing that time
was not an element of the offense.  Id. at 221.  Further, the
state argued, the defense had only turned over the date-stamped
photograph on the day of jury selection, and thus, the
prosecution was unfairly surprised by the lack-of-opportunity
defense, and should be allowed to amend the indictment to
include September 2006 in the timeframe during which the offense
was alleged to have been committed.  Id. at 226-27.

The trial court found that the defendant's argument for a
Williams instruction was defeated by the late disclosure of the
photograph.  See State v. Quintero, 162 N.H. 526, 532 (2011).
The trial court ruled that it would give the requested Williams
instruction, but would allow the state to amend the indictments,
putting the State in the position it would have been in had it
had the opportunity to amend the indictments prior to trial.
Trial Tr., vol. 2, Apr. 1, 2009, 237, 239.  Alternatively, the
court gave Quintero the option to forego the Williams
instruction, in which case the court would not permit the State

4

to amend the indictments.  Id. at 239-40.  Quintero chose the
latter course.  Id. at 241.

After receiving jury instructions consistent with
Quintero's choice, the jury convicted Quintero of the three
charges before it.[1]  Id. at 293-94.  Because one of the felonious
sexual assault charges was an alternative theory for the
aggravated felonious sexual assault charge, that felonious
sexual assault conviction was vacated by the court after the
jury verdict.  Id. at 295.  On October 21, 2009, the trial court
sentenced Quintero to two consecutive 10-30 year prison terms.
See Quintero, Nos. 08-S-2202, 08-S-2207 (RCSC Mittimus/Returns
Oct. 21, 2009).  Quintero is currently serving that sentence.

B.  Direct Appeal

Quintero filed a direct appeal of his conviction in the New
Hampshire Supreme Court ("NHSC"), raising the following issue:

> The trial court erred in compelling Quintero, so as to
> avoid an amendment to the time frame alleged in the
> indictments, to forgo an instruction that the state
> must prove the time period as alleged.

State v. Quintero, No. 2009-0832 (N.H.), Br. for Def., 9.
Quintero further asserted that: 1) the trial court's erroneous

---

[1]One count of felonious sexual assault was dismissed at the
close of the state's case, without objection.  Trial. Tr., vol.
1, Mar. 31, 2009, 112.

5

interpretation of Williams resulted in the imposition of a
pretrial notice-of-defense requirement that was required neither
by statute nor court rules; 2) the trial court erroneously found
that the State was unfairly surprised at trial by Quintero's
time-based defense; and 3) the State was not entitled to amend
the indictments under the circumstances of this case, and thus
improperly coerced Quintero to forego his requested Williams
instruction, to prevent the trial court from allowing such an
amendment.  See Br. for Def., 8.  As it had been at trial,
Quintero's argument on direct appeal was based entirely on state
law.  Id. at ii.

    The New Hampshire Supreme Court ("NHSC") affirmed
Quintero's conviction, finding that the trial court's decision
concerning the Williams instruction had been "predicated on its
finding that the State would have been allowed to amend the
indictments had the photograph been disclosed in a timely
fashion."  Quintero, 162 N.H. at 541.  The state court examined
the issues before it, considering the relevant state statute
concerning grand jury indictments, "in conjunction with Part I,
Article 15 of the New Hampshire Constitution," Quintero, 162
N.H. at 541, and NHSC precedent.  See id. at 541-42.
Ultimately, the NHSC "agreed with the trial court's finding that

if the defendant had provided the photograph to the State thirty days prior to trial, as required by [New Hampshire Superior Court] Rule 98(b)(3), the State could have amended the indictments sufficiently in advance of trial to avoid any undue prejudice to the defense," and that Quintero's rights had been adequately protected by the trial court.  Quintero, 162 N.H. at 543.

> C.  State Habeas Petition

After Quintero filed this action, this court directed Quintero to identify the federal claims he sought to raise in this action, and then, to either demonstrate that those federal claims were exhausted, or to move to stay the case to return to the state court to exhaust those remedies.  See Jan. 31, 2013, Order (doc. no. 3).  Quintero obtained a stay of this matter, see June 26, 2013, Order (doc. no. 9), and then filed a petition for a writ of habeas corpus in the New Hampshire Superior Court, sitting at Coös County ("CCSC").  See Quintero v. Reilly, No. 2013-CV-140 (N.H. Super. Ct., Coös Cty.).

In his state habeas petition, Quintero raised the federal claims presented in his Petition here.  Those claims were, effectively, the federal versions of the state law claims he had previously raised and argued in his direct appeal, alleging that

the trial court had violated his rights under the Sixth and
Fourteenth Amendments.

The CCSC issued an order denying Quintero state habeas
relief on the four federal constitutional claims raised in the
CCSC Petition.  See Quintero, No. 2013-CV-140 (Order issued Feb.
13, 2014) (doc. no. 14-11) ("CCSC Order").  Citing state
precedent for the proposition that a claim in a New Hampshire
criminal case that is not presented to the NHSC on direct review
has been waived, the CCSC stated:

> The Court notes that the arguments the petitioner
> raises in this case are very similar to the argument
> raised on direct appeal.  Because the petitioner had
> knowledge of the issues that he now raises in this
> habeas corpus proceeding and failed to raise them on
> appeal, he is procedurally defaulted from raising them
> now.

CCSC Order, at 4.  Simply put, the state habeas court denied
Quintero relief on his federal constitutional claims, as, by
failing to raise those claims on direct appeal, he waived the
ability to raise them in a collateral proceeding.  Quintero
appealed that decision to the NHSC, and the NHSC declined to
accept the appeal.  See Quintero v. Warden, No. 2014-0167 (N.H.
May 16, 2014) (doc. no. 14-14).

## III. **Federal Habeas Petition**

The claims presently before the court in this petition are:

[Quintero's] Fourteenth Amendment right (1) to due process, and Sixth and Fourteenth Amendment rights (2) to notice of the charge against him, (3) to a fair trial, (4) to a grand jury indictment, and (5) to present a defense, were violated when the trial court forced Quintero to either forego a jury instruction requiring the state to prove the charged timeframe, or to forego his time-based defense by allowing the state to amend the indictment to expand the timeframe therein.

July 16, 2014, Order (doc. no. 17).

## **Discussion**

### I.   **Habeas Standard**

A federal court may grant habeas corpus relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). Federal courts "ordinarily may not second guess a state court's rejection of a claim on the basis of an independent and adequate state procedural rule." Logan v. Gelb, 790 F.3d 65, 70 (1st Cir. 2015) (per curiam). "A state court's invocation of a [state] procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." Martinez v. Ryan, 132

S. Ct. 1309, 1316 (2012).  Respondent "bears the burden '. . .
of persuading the court that the factual and legal prerequisites
of a default . . . are present.'"  Pike v. Guarino, 492 F.3d 61,
73 (1st Cir. 2007) (citation omitted).

A federal habeas court may review a procedurally defaulted
claim under limited circumstances, where the "petitioner
demonstrates cause for the default and prejudice resulting
therefrom, or can show 'that failure to consider the federal
claim will result in a fundamental miscarriage of justice.'"
Lee v. Corsini, 777 F.3d 46, 58 (1st Cir. 2015) (quoting Harris
v. Reed, 489 U.S. 255, 262 (1989)).  "'To establish cause, there
must be some objective factor external to the defense which
impeded counsel's efforts to comply with the State's procedural
rule.'"  Lee, 777 F.3d at 58-59 (internal quotation marks and
citations omitted).

## II.  Relevant State Court Order for Habeas Review

As discussed above, the federal claims raised in this
petition were raised in the state courts for the first time in
Quintero's CCSC Petition.  The federal claims were then
presented in Quintero's appeal of the CCSC Order, filed in the
NHSC.  The NHSC declined the appeal.

In conducting a § 2254(d)(2) inquiry, the court "'look[s]

through'" the NHSC's summary declination of Quintero's appeal of the CCSC Order and instead evaluates the state court's last reasoned decision on the issue.  Brumfield v. Cain, 135 S. Ct. 2269, 2276 (2015) (citations omitted).  The CCSC Order is the only reasoned opinion issued by the state courts on Quintero's federal claims, and is thus the order subject to review in this action.  See id.

## III.  Procedural Default of Quintero's Claims

In the motion for summary judgment, respondent argues that Quintero's habeas petition should be denied because the federal claims asserted therein were procedurally defaulted when Quintero failed to raise them either at trial or on direct appeal.  Respondent further asserts that the CCSC Order invokes a state procedural rule to deny Quintero relief, and therefore, this court cannot review Quintero's claims unless Quintero can either demonstrate "cause and prejudice" for the procedural default, or show that the failure to review his claims will result in a "fundamental miscarriage of justice," Lee, 777 F.3d at 58, which Quintero has not done.

### A.  Cause and Prejudice

Quintero has not asserted any facts demonstrating that "some objective factor external to the defense," id. at 58-59,

impeded his ability to comply with the state procedural rule

that he must raise his federal claims at trial and/or on direct

appeal.  Accordingly, he has failed to demonstrate "cause" for

the procedural default of his claims.  A habeas petitioner must

show both cause and prejudice in order to excuse a procedural

default.  See Derman v. United States, 298 F.3d 34, 45 (1st Cir.

2002).  Accordingly, Quintero's failure to demonstrate "cause"

prevents the court from excusing the procedural default of his

claims, and the court need not consider the prejudice prong of

the "cause and prejudice" inquiry.  See id.

     B.   Fundamental Miscarriage of Justice

     To the extent Quintero may be seeking to assert that he

will suffer a "fundamental miscarriage of justice," Lee, 777

F.3d at 58, if this court does not address his federal claims,

that argument does not bear weight.  The "fundamental

miscarriage of justice" exception "is a narrow exception to the

cause-and-prejudice imperative, seldom to be used, and

explicitly tied to a showing of actual innocence."  Id. at 62

(internal quotation marks and citations omitted); see also

Schlup v. Delo, 513 U.S. 298, 324 (1995) (to be credible, actual

innocence claim requires petitioner to support allegations of

constitutional error with new reliable evidence not presented at

trial).  Quintero has not made a showing of actual innocence, and no basis for such a claim appears in the record.  Thus, Quintero's procedurally defaulted claims "cannot be resurrected," as Quintero has failed to demonstrate cause and prejudice or a "fundamental miscarriage of justice."  Lee, 777 F.3d at 62.

### Certificate of Appealability

The petitioner has not shown that reasonable jurists could debate whether the petition should have been resolved in a different manner, that the issues presented were adequate to deserve encouragement to proceed further, or otherwise made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Accordingly, the district judge should decline to issue a certificate of appealability.

### Conclusion

For the foregoing reasons, the district judge should grant respondent's motion for summary judgment (doc. no. 19), deny the Petition (doc. nos. 1 and 14), decline to issue a certificate of appealability, and direct the clerk to enter judgment and close the case.  Any objections to this Report and Recommendation must

be filed within fourteen days of receipt of this notice.  See
Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the
specified time waives the right to appeal the district court's
order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57
(1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617
F.3d 554, 564 (1st Cir. 2010).


_____
Andrea K. Johnstone
United States Magistrate Judge


August 11, 2015

cc:  George Quintero, pro se
     Elizabeth Woodcock, Esq.